ROBERT B. ROSENSTEIN (SBN 90036)
Rosenstein and Associates
28600 Mercedes Street, Suite 100
Temecula, CA 92590
Telephone:  (951) 296-3888
Facsimile:    (951) 296-3889
E-mail: robert@thetemeculalawfirm.com

Attorneys for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:20-bk-14808-ER |
| | Chapter 11 |
| **SCHREINER'S FINE SAUSAGES, INC.,** | |
| | **CHAPTER 11 FIRST AMENDED PLAN** |
| Debtor and Debtor-In-Possession. | **OF REORGANIZATION** |
| | |
| | <u>Plan Confirmation Hearing:</u> |
| | Date:  June 16, 2021 |
| | Time: 10:00 a.m. |
| | Courtroom: 1568 |
| | Roybal Federal Building |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

## INTRODUCTION

This First Amended Plan of Reorganization ("Plan"), under chapter 11 of the United States Bankruptcy Code ("Code"), proposes to restructure the financial affairs and pay creditors of the above-captioned debtor, Schreiner's Fine Sausages, Inc. ("Debtor").  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not the claims of such creditors are allowed.

All creditors should refer to Articles I through VII of this Plan for information regarding the precise treatment of their claim.  A first amended disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has also been circulated with this Plan ("Disclosure Statement").

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

The hearing where the Court will determine whether or not to confirm the Plan will take place on **June 16, 2021 at 10:00 a.m.**, in Courtroom 1568, in the Federal Courthouse located at Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.

## DEFINITIONS

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

(1)    "Court" means the United States Bankruptcy Court for the Central District of California, in which the Debtor's chapter 11 cases are pending, and any court having jurisdiction to hear appeals of such court.

(2)    "Petition Date" means the date the Debtor filed its petition for relief under chapter 11 of the Code, that date being May 26, 2020.

(3)    "Confirmation Date" means the date of entry of an order of the Court confirming this Plan.

(4)    "Confirmation Order" means order confirming this Plan, entered by the Court.

(5)    "Estate" or "estate" means that property set forth in 11 U.S.C. § 541, and as set forth in 11 U.S.C. § 1115.

(6)    "Code" means the United States Bankruptcy Code, Title 11 of the United States Code.

(7)    Effective Date of Plan.  The effective date of this Plan ("Effective Date") is the thirtieth (30th) calendar day following the Confirmation Date, unless the Debtor files a notice prior to that declaring that the Effective Date has arrived.  If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first (1st) business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

# ARTICLE I
## BACKGROUND

The Debtor operates a wholesale and retail fine meat market, known as Schreiner's Fine Sausages, located at 3417 Ocean View Blvd, Glendale, California 91208 ("Business"). The Business has been in Glendale since 1952, with the Business now being managed by the third generation of Schreiners. Walter Thomas Schreiner holds 15% of the ownership in the Debtor, with the other 85% ownership is held by his mother, Marcia Schreiner. The Debtor's bankruptcy was precipitated in part by certain high interest merchant finance agreements entered by the Debtor as part of its efforts to maintain and grow business operations, which the Debtor was ultimately unable to keep up with for reasons including the current Covid-19 pandemic. The Debtor has continued business operations post-petition, worked with creditors and improved its financial structure, and, as detailed below, seeks to provide for the full payment of all allowed claims, as provided in the Plan, and to continue its business operation.

# ARTICLE II

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.    Unclassified Claims

Under § 1123(a)(1) of the Code, administrative expense claims allowed under § 503(b) of the Code and entitled to priority under § 507(a)(2) (including claims of professionals and United States Trustee fees); involuntary gap claims under § 507(a)(3), not applicable in this case; and priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. The claims will be treated as follow:

### 1.    Administrative Expense Claims

Each holder of an administrative expense claim against the Debtor, allowed under § 503 of the Code, will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim. Any party, other than professionals employed by the Debtor pre-confirmation, that asserts an administrative expense claim must no later than thirty (30) calendar days following the Effective Date, file a motion for approval of their administrative claim, otherwise such claim shall be barred. The Debtor does not anticipate any non-professional administrative

expense claims. Professionals employed by the Debtor will apply for final allowance of their fees and costs pursuant to 11 U.S.C. § 330. Fees and costs of the Debtor's legal counsel, Rosenstein & Associates for pre-confirmation services are estimated to approximate $65,000.00, subject to Court approval, and any compensation approved will first credited for the payment from the retainer in the approximate amount of $5,783.00 and any interim payment approved by the Court[1]. The Debtor anticipates total accountant fees to approximate $5,000.00, pursuant to the Debtor's hourly fee agreement with Global Tax & Accounting, Inc. for all accounting services.

All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date will be paid on the Effective Date. The Debtor anticipates that as of the Effective Date, fees due through the previous quarter will have been paid, and the next quarterly payment will be due post-confirmation.

### 2. Priority Tax Claims

Each holder of a priority tax claim under § 507(a)(8) of the Code will be paid in full in regular payments over a period of no more than five (5) years from the Petition Date, and otherwise in accordance with § 1129(a)(9)(C). The Debtor shall make equal monthly payments beginning the first (1st) date of the month of the first (1st) calendar quarter following the Effective Date, and continuing on the first (1st) date of the month of each calendar quarter thereafter until paid in full no later than May 26, 2025 (five (5) years from the Petition Date). Priority tax claims shall accrue interest at the statutory rate of interest starting from the Petition Date until paid in full. The Debtor reserves the right to pay these claims sooner if it is feasible to do so. These claims are not placed in classes. The known priority tax claims consist of the following:

Los Angeles County Tax Collector = $1,132.28

### B. Classified Claims and Interests

Claims and interests shall be treated as follows under this Plan. However, if the total claim amounts submitted by any individual creditor are more or less than the amounts below, the total and

---

1 On 02/12/2021 Debtor filed a Notice of Motion and Motion for Approval of Interim Professional Fees and Expenses of Bankruptcy Counsel [Doc. No. 96] seeking $38,626.50 in fees and $3,747.20 in costs, for a total of $42,373.70, which is scheduled for hearing on 03/10/2021.

monthly payments shall be adjusted accordingly without further amendment.

**Class 1 - Priority Non-Tax Claims**

These are the allowed claims entitled to priority under § 507(a)(1), (4), (5), (6), and (7) of the Code. Liquidated Class 1 claims shall be paid no later than the Effective Date, and contingent Class 1 claims shall be paid at the time after the Effective Date the contingency occurs (if it does occur) to create liability for payment of such claim. The Debtor is not aware of any such claims.  Class 1 is unimpaired and is conclusively deemed to have accepted the Plan.

**Class 2 – FC Marketplace, LLC, dba Funding Circle**

This is the secured claim of FC Marketplace, LLC, dba Funding Circle ("Funding Circle"), secured by a UCC Financing Statement filed February 28, 2019 ("Funding Circle UCC Statement"), securing payments due to Funding Circle under a February 2019 financing agreement with Funding Circle in the original principal amount of $389,481.60, secured against substantially all of the Debtor's assets.  The amount of the claim currently approximates $245,888.72. The Debtor has been paying Funding Circle monthly interest only payments on account of its claim since the commencement of the Debtor's case, in the amount of $2,229.93, as adequate protection payments. The Class 2 claim shall be allowed and paid 100% within sixty (60) months following the Effective Date, through equal monthly payments in the amount of $4,612.11, beginning on the first (1st) date of the first (1st) month following the Effective Date, continuing the first (1st) date of the month of each month thereafter until paid in full, with interest accruing on the claim at the fixed rate of 4.75% per annum, starting from the Effective Date. Funding Circle shall retain its security interest against assets of the Debtor, to the extent described in the Funding Circle UCC Statement, until Funding Circle's claim is paid in full.  Class 2 is impaired and is entitled to vote on the Plan.

**Class 3 – Celtic Bank Corporation**

This is the claim of Celtic Bank Corporation ("Celtic Bank"), serviced by BlueVine Capital, Inc., on account of a March 2019 financing agreement with Celtic Bank for a revolving line of credit, secured against substantially all of the Debtor's assets on account of a UCC Financing Statement filed March 27, 2019 ("Celtic Bank UCC Statement"). Celtic Bank's claim was scheduled in the amount of $56,000.00, and it was scheduled as disputed, contingent, and unliquidated. Celtic Bank

failed to file a proof of claim before the October 2, 2020 deadline to file a claim. Pursuant to Federal Rules of Bankruptcy Procedure 3002(a) and 3003(b)(1), and 3003(c)(2), the Class 3 claim shall not be allowed, and Celtic Bank shall not be treated as a creditor with respect to such claim for purposes of voting and distribution under the Plan. Celtic Bank may have lien rights pursuant to Federal Rule of Bankruptcy Procedure 3002(a).

**Class 4 – BizFund, LLC**

This is the claim of BizFund, LLC ("BizFund"), on account of a February 2020 financing agreement with BizFund, characterized as a purchase of $101,500.00 of the Debtor's receipts for the purchase price of $70,000.00, payable through a percentage of the Debtor's receipts (15%), to be secured against the Debtor's receipts; however, the Debtor is not aware of any UCC Financing Statement having been filed. The Debtor disputes any claim from BizFund that it purchased an interest in the Debtor's post-petition receivables. BizFund's claim was scheduled in the amount of $55,049.19, and it was scheduled as contingent and unliquidated. BizFund failed to file a proof of claim before the October 2, 2020 deadline to file a claim. Pursuant to Federal Rules of Bankruptcy Procedure 3002(a) and 3003(b)(1), and 3003(c)(2), the Class 4 claim shall not be allowed, and Celtic Bank shall not be treated as a creditor with respect to such claim for purposes of voting and distribution under the Plan.  As any asset(s) that could have been subject to any lien no longer exists and therefore BizFund will not maintain any lien rights.

**Class 5 – Bank of America, N.A.**

This is the secured claim of Bank of America on account of an auto retail installment contract secured for the Debtor's 2015 purchase of a 2015 GMC Denali Truck, VIN 1GT424E85FF565271, in the financed amount of $64,294.10, at the interest rate of 3.95%, with monthly payments in the amount of $1,004.42, ending March 2021.  Bank of America filed Proof of Claim No. 3 in the amount of $10,874.80, on account of the claim, claiming pre-petition arrears of $1,004.42. The Class 5 claim shall be allowed and paid 100% through equal monthly payments in the amount of $1,004.42, beginning on the first (1st) date of the first (1st) month following the Effective Date, continuing the first (1st) date of the month of each month thereafter until paid in full, with interest accruing on the claim at the fixed rate of 3.95% per annum, starting from the Petition Date. Bank of

America shall retain its security over the vehicle until Bank of America's claim is paid in full.  Class 5 is impaired and entitled to vote on the Plan.

**Class 6 – No-Priority Unsecured Claims**

This class includes all of the allowed claims against the Debtor of non-priority unsecured creditors, any allowed secured claim that as a result of a valuation of the secured claimant's collateral the claim is unsecured in whole or in part pursuant to the terms of this Plan, and allowed claims that result from a rejection of a lease or executory contract.  This class includes any and all claims that are not more particularly described in Class 1, Class 2, Class 3, Class 4, Class 5, Class 7, and Class 8. Allowed Class 6 claims shall be paid 100% of their claims within sixty-six (66) months following the Effective Date, with interest accruing at the federal judgment rate set per 28 U.S.C. § 1961 on the unpaid balance starting from the Petition Date, at the judgment rate in effect on the Petition Date (0.16%).  Pro rata distributions to Class 6 claims shall begin on the first (1st) date of the month of the third (3rd) calendar quarter following the Effective Date, continuing on the first (1st) date of the month of each calendar quarter thereafter until paid in full within sixty-six (66) months following the Effective Date. The known claims total approximately $310,000.00, including approximately $108,900.00 received by the Debtor on account of the United States Small Business Paycheck Protection Program, made available to the Debtor in response to the Covid-19 pandemic, which is expected to be forgiven.  If forgiven as expected, the total amount of claims would approximate $201,100.00.  Debtor believes that the Paycheck Protection Program loan will be forgiven as Debtor has met the requirements required for forgiveness which was to use at least seventy percent (70%) for allowable payroll expenses and the remaining thirty percent (30%) for other allowable expenses.  In the event that the loan is not forgiven, the interest rate on the loan would be at one percent (1%) and payable after 2 years.  Debtor has requested loan forgiveness which is expected to be received before the Confirmation Hearing on the Plan of Reorganization.

///

///

///

///

The known claims are identified in list of non-priority unsecured creditors attached and incorporated hereto as **Exhibit "5"**, and consist of those creditors that filed a proof of claim, and those creditors that did not file a proof of claim but were scheduled in the Debtor's bankruptcy schedules, and scheduled not as contingent, unliquidated, or disputed. Class 6 is impaired and entitled to vote on the Plan.

**Class 7 – Insider Claims**

Class 7 consists of all unsecured claims against the Debtor which are held by insiders, as defined by 11 U.S.C. § 101(31)(B). There are no such known claims. No distribution will be issued to any Class 7 claims. Class 7 is impaired and entitled to vote on the Plan.

**Class 8 – Equity Interest of the Debtor**

This class includes the equity interests of the Debtor. This class consists of the equity interests in the Debtor. These equity interests are unaffected by this Plan.

**ARTICLE III.**

**ALLOWANCE AND DISALLOWANCE OF CLAIMS**

**A.    Disputed Claim**

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, and/or unliquidated, and/or as unknown in amount. Except to the extent that a claim is already allowed pursuant to a final non-appealable order, or a Court-imposed deadline to a proof of claim has expired, the Debtor reserves the right to object to claims. The Plan is deemed to be a motion under Sections 105, 363 and 1123 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules for approval of all compromises of claims described in the Plan, and the confirmation of the Plan shall constitute approval of the motion and compromises by the Court.

**B.    Delay of Distribution on a Disputed Claim**

Except as specifically stated otherwise in the Plan, no distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor shall

withhold disbursement of payment on any disputed claim by retaining in a separate interest-bearing account the amount of funds such claimant would receive if the claim were allowed in full.  Upon final determination of such dispute, the Debtor shall pay that claim amount allowed by the Court pursuant to the terms of the Plan.

**C.    Settlement of Disputed Claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with the approval of the Court and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IV.

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**A.    Assumed Executory Contracts and Unexpired Leases**

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Confirmation Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation, with any pre-confirmation arrears paid by the Effective Date unless the parties agree otherwise or the Court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance, and post-confirmation obligations paid as they come due:

(1) Vehicle lease between the Debtor and Chase Land Rover Financial Group, for a 2019 Range Rover, VIN SALWV2SV0K4421982.

(2) Commercial Lease Agreement entered into between the Debtor and Marcia L. Schreiner, as Trustee of the Walter D. and Marcia L. Schreiner Trust dated September 4, 2008, beginning April 1, 2020, and any and all amendments and modification thereto, with respect to the premises described therein, located at 3417 Ocean View Blvd, Glendale, CA 91208.

The Confirmation Order shall constitute an order of the Court approving such assumptions pursuant to sections 365 and 1123 of the Code as of the Effective Date.

**B.    Rejected Executory Contracts and Unexpired Leases**

The Debtor rejects, on the Confirmation Date, all executory contracts and unexpired leases entered into before the Petition Date that have not been rejected by operation of law, assumed or rejected pursuant to a prior order of the Court, or that are not subject to a motion already filed by the

Debtor with the Court, except for those executory contracts and unexpired leases listed in Section A of Article IV of this Plan. The rejected leases expressly include the vehicle lease for the vehicle identified as 2020 Cadillac Escalade, VIN 1GYS4KKJ0LR128439, entered between the Debtor and Acar Leasing Ltd, d/b/a/ GM Financial Leasing ("Acar Leasing"). Relief from stay was granted to Acar Leasing by order of the Court issued November 10, 2020, to enforce its rights against the vehicle, and Acar Leasing filed a Proof of Claim in the amount of $9,233.43.

Proofs of Claim for those claims arising from the rejection of any executory contracts and unexpired leases must be filed with the Court no later than thirty (30) calendar days following the Confirmation Date, and the deadline to object to such Proof of Claim shall be thirty (30) calendar days following date such Proof of Claim is filed with the Court. Failure to timely file such Proofs of Claim shall result in the disallowance of such claims without further order of the Court.

## ARTICLE V.

## MEANS FOR IMPLEMENTATION OF THE PLAN

### A.    Source of Funding

The source of funding for the Plan will come from cash on hand on the Effective Date, expected to approximate $200,000.00, and income generated from the Debtor's ongoing business operations. The Debtor shall pay a minimum of $10,000.00 per month toward payments to allowed claims under the Plan, beginning the first month following the Effective Date and continuing until the allowed claims are paid in full in accordance with their treatment under the Plan, except that to the extent that such monthly amount is adjusted to account for disbursements made to particular classes of claims on a quarterly basis, which shall in any event equal the aggregate minimum amount otherwise due on a monthly basis.

### B.    Post-Confirmation Management

The Debtor will manage its own affairs under this Plan, through its President and Chief Executive Office, Walter Thomas Schreiner, who shall not receive any compensation for such services called for under the Plan, other than compensation normally due to him for non-bankruptcy duties, which currently amounts to monthly salary of $7,068.72.

# ARTICLE VI.

## DISCHARGE; EFEECTS OF CONFIRMATION

### A.      Discharge

Upon the Effective Date of the Plan, the Debtor shall be discharged from any debt of the Debtor that arose before confirmation of this Plan, to the extent provided under § 1141(d)(1)(A) of the Code, whether or not a party in interest has filed a proof of claim or interest, or accepts this Plan, unless the Court orders otherwise.

### B.      Vesting of Property

On the Effective Date, all property of the Debtor's Estate will vest in the Debtor, free and clear of all claims and interest except as otherwise provided in this Plan.  In the event that the Debtor's case is converted post-confirmation to a case under chapter 7 of the Code, then all property of the Debtor that has not been distributed under the Plan shall vest in the chapter 7 estate, except for property that would have been excluded from property of the estate if the case had always been one under chapter 7, pursuant to Local Bankruptcy Rule 3020-1(d).

### C.      Plan Creates New Obligations

The obligations to creditors that the Debtor undertakes in this Plan replace those obligations of the Debtor to creditors that existed before the Effective Date.  The Debtor's obligations under this Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law, except to the extent the Debtor's pre-petition obligations are nonrecourse as to the Debtor, in which case the corresponding obligations shall remain nonrecourse.  To the extent a creditor retains a lien under this Plan, that creditor retains all rights provided by such lien under applicable non-bankruptcy law.  Confirmation of this Plan shall constitute a restructuring of the Debtor's obligations and claims to all creditors and shall be deemed to cure any and all defaults existing at the time of confirmation.  Confirmation shall act to cure any default on obligations dealt with in this Plan.

The provisions of the Plan shall constitute a good faith compromise and settlement of all claims and equity interest and controversies resolved pursuant to the Plan, in accordance with § 1123 of the Code and Federal Rule of Bankruptcy Procedure 9019.

### D.    Creditor Actions Restrained

The confirmed Plan is binding on every creditor whose claim is provided for in the Plan. Creditors therefore may not take any action to enforce either the pre-confirmation obligation to the creditor, or the obligation due under the Plan, so long as the Debtor is not in Material Default, as defined below.

### E.    Material Default Defined

If the Debtor fails to make any payment required under this Plan, or to perform any other obligation required under the Plan, for more than fifteen (15) calendar days after the time specified in the Plan for payment or other performance, the affected creditor(s) may serve on the Debtor written notice of the Debtor's default, either in person or by U.S. Mail addressed as provided in Section M of Article VII of the Plan. Contingent on such service, and if the Debtor fails within forty-five (45) calendar days after the date of such service of the notice of default either: (i) to cure the default; or (ii) to obtain from the Court an extension of time to cure the default, for cause shown by the Debtor, or a determination that no default occurred, then the Debtor is in Material Default under the Plan.

### F.    Remedies Upon Material Default

Upon Material Default, an affected creditor may: (i) take any actions permitted under applicable non-bankruptcy law to enforce the obligation due the affected creditor under the Plan, and may accelerate the time for performance of all payments and other performance due to the creditor over the course of the Plan and not yet performed at the time of the Material Default; or (ii) file and serve a motion to convert the Debtor's case to a case under chapter 7 of the Code, as provided under 11 U.S.C. § 1112(b) of the Code, which motion may be granted upon a showing of cause by the moving party. If the case is converted to chapter 7, then all property of the Debtor that has not been distributed under the Plan shall vest in the chapter 7 estate, except for property that would have been excluded from property of the estate if the case had always been one under chapter 7, pursuant to Local Bankruptcy Rule 3020-1(d).

///

///

///

# ARTICLE VII.

## GENERAL PROVISIONS

### A.    Modification of Plan

The Debtor may modify this Plan at any time before confirmation, subject to § 1127 of the Code and Federal Rule of Bankruptcy Procedure 3019(a), but in that event the Court may require a new disclosure statement and/or re-voting on the Plan.  The Debtor also may seek to modify this Plan at any time *after* confirmation (1) if this Plan has not been substantially consummated and (2) if the court authorizes the proposed modifications after notice and a hearing pursuant to § 1127(b) of the Code.  In addition, the Debtor or other persons may seek to modify this Plan after confirmation pursuant to § 1127(e) of the Code.

### B.    Cramdown

Pursuant to § 1129(b) of the Code, the Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors.

### C.    Governing Law and Binding Effect

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

### D.    Post-Confirmation U.S. Trustee Quarterly Fees and Status Reports

After confirmation of this Plan, the Debtor shall pay to the United States Trustee, for deposit into the Treasury, those Quarterly Fees due under 28 U.S.C. § 1930(a)(6), for each quarter and fraction thereof, until the Debtor's case is closed by entry of a final decree, converted or dismissed.  Within one hundred and twenty (120) days after the entry of the Confirmation Order, the Debtor shall file a status report explaining what progress has been made towards consummation of the Plan, pursuant to Local Bankruptcy Rule 3020-1(b).  The initial report shall be served on the United States Trustee, the 20 largest unsecured creditors, and any party requesting special notice.  Further reports shall be filed every 120 days and be served on the same entities until the case is closed, unless otherwise ordered by the Court.  These reports will include information on the claims satisfied under

the Plan and those remaining to be satisfied, a schedule of any and all post-confirmation tax liabilities that have accrued or come due and a detailed explanation of payments thereon, the Debtor's projections as to its continuing ability to comply with the terms of the Plan, an estimate of the dates for plan consummation and an application for final decree, and any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

**E.      Closing Case**

Once the estate has been fully administered, as provided in § 350 of the Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtor, or such other party as the Court shall designate in the Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion or at an earlier date for good cause shown.

**F.      Retention of Jurisdiction**

Following confirmation of this Plan, the Court shall retain jurisdiction over the Debtor's chapter 11 case for the following purposes: (a) Modification of the Plan pursuant to § 1127(b) of the Code; (b) determination of the allowance or disallowance of the claims; (c) determination of any adversary proceedings or motions brought by the Debtor in the exercise of its avoidance powers; (d) fixing allowance of compensation of professionals, and allowance of other administrative expenses; (e) collection of money or property due to the Debtor; (f) determination of disputes involving the Debtor which pertains to events or transactions which occurred prior to Effective Date, including resolution of any pending adversary proceedings; (g) valuation of the Debtor's property and the determination of the allowed amount of a claim secured by property of the Debtor and avoidance of liens against property of the Debtor to the extent the amount of the claim exceeds the value of the collateral securing the claim pursuant to § 506 of the Code; (h) any other purposes consistent with the laws of the United States, until the Plan has been fully consummated; and (i) determination of whether the Debtor have defaulted in performance of any obligation under the Plan, including Material Default; whether the time for performing any Plan obligation should be extended; and whether the case should be converted to chapter 7 of the Code.

**G.      Preservation of Causes of Action**

Each and every claim, right, cause of action, and other entitlement held by the Debtor as of the Effective Date, whether arising under provisions of the Code or rising otherwise (including without limitation claims arising before the Petition Date), other than those waived or released by the express provisions of the Plan or Confirmation Order, shall be fully preserved notwithstanding the confirmation of the Plan.

**H.      Professional Retention and Compensation**

Without further order of the Court, the Debtor shall be entitled to continue to employ those professionals approved by the Court before the Confirmation Date, to employ and retain other or additional professionals, and to pay compensation to such professionals for services performed and costs incurred after the Confirmation Date.

**I.      Corporate Governance**

As a corporation, pursuant to 1123(a)(6) of the Code, the Debtor shall not issue any nonvoting equity securities, and all equity holders shall have voting rights in accordance with their respective percentage of stock held in the Debtor.

**J.      Unclaimed Distributions**

Distributions to creditors under this Plan shall be made by first-class mail to the address provided by each creditor in the proof of claim filed in the Debtor's case, and, where no proof of claim was filed but where a creditor holds an allowed claim, to the relevant address set forth in the Debtor's schedules of liabilities, as amended. Creditors shall be required to provide written notice to the Debtor of any change of address, for the distribution of payments under this Plan, no later than fourteen (14) calendar days before any scheduled distribution. Should any distribution be returned to the Debtor without forwarding address, and therefore become undeliverable, the Debtor shall use reasonable efforts to obtain a replacement address for the relevant creditor and shall dispatch the relevant distribution to the replacement address; but should such efforts be unsuccessful, any distributions returned to the Debtor as undeliverable shall become property of the Debtor sixty (60) calendar days after being returned to the Debtor.

**K.    Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**L.    Plan Controls**

Should there be any inconsistency between the terms stated in the Disclosure Statement filed in support of this Plan and the terms of this Plan, the terms of this Plan shall control and take precedence.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**M.    Notices**

Any notice to the Debtor shall be in writing and mailed, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid, and addressed as follows: Walter Thomas Schreiner, 3417 Ocean View Blvd, Glendale, California 91208, with a copy sent to Robert B. Rosenstein, Rosenstein & Associates, 28600 Mercedes Street, Suite 101, Temecula, CA 92590.

Date: _4/27/21_____, 2021

Wally Schreiner
_____
Walter Thomas Schreiner

Date: _4/27/_____, 2021

ROSENSTEIN & ASSOCIATES

By:_____
Robert B. Rosenstein for
Rosenstein & Associates
Attorneys for Debtor-in-Possession

**K.    Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**L.    Plan Controls**

Should there be any inconsistency between the terms stated in the Disclosure Statement filed in support of this Plan and the terms of this Plan, the terms of this Plan shall control and take precedence. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**M.    Notices**

Any notice to the Debtor shall be in writing and mailed, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid, and addressed as follows: Walter Thomas Schreiner, 3417 Ocean View Blvd, Glendale, California 91208, with a copy sent to Robert B. Rosenstein, Rosenstein & Associates, 28600 Mercedes Street, Suite 101, Temecula, CA 92590.

Date: _____ April 27_, 2021          Wally Schreiner
                                             _____
                                             Walter Thomas Schreiner


Date: _____, 2021               ROSENSTEIN & ASSOCIATES


                                             By: _____
                                                 Robert B. Rosenstein for
                                                 Rosenstein & Associates
                                                 Attorneys for Debtor-in-Possession

**Signature:** _____
Wally Schreiner (Apr 27, 2021 14:49 PDT)

**Email:** wally.schreiner@schreinersfinesausages.com

# 210427 First Amended Plan of Reorganization-signaturepageonly

Final Audit Report                                                     2021-04-27

| | |
|---|---|
| Created: | 2021-04-27 |
| By: | Roman Vaxman (roman@thetemeculalawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAMK6Gbvl5-3ltYQhXXRF-KB3JBkPQc5zP |

## "210427 First Amended Plan of Reorganization-signaturepageonly" History

🖱 Document created by Roman Vaxman (roman@thetemeculalawfirm.com)
2021-04-27 - 9:32:52 PM GMT- IP address: 12.39.145.2

📧 Document emailed to Wally Schreiner (wally.schreiner@schreinersfinesausages.com) for signature
2021-04-27 - 9:33:19 PM GMT

🖱 Email viewed by Wally Schreiner (wally.schreiner@schreinersfinesausages.com)
2021-04-27 - 9:37:59 PM GMT- IP address: 107.77.227.226

✍ Document e-signed by Wally Schreiner (wally.schreiner@schreinersfinesausages.com)
Signature Date: 2021-04-27 - 9:49:24 PM GMT - Time Source: server- IP address: 107.77.227.226

✅ Agreement completed.
2021-04-27 - 9:49:24 PM GMT

**Adobe Sign**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Rosenstein & Associates, 28600 Mercedes Street, Ste. 100, Temecula, CA 92590.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 FIRST AMENDED PLAN OF REORGANIZATION,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 27, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Shraddha Bharatia on behalf of Interested Party Courtesy NEF: notices@becket-lee.com
Katrina M Brown on behalf of Creditor QuarterSpot, Inc.: kbrown@pskbfirm.com
Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR: oestrada@ttc.lacounty.gov
Elizabeth A Lombard on behalf of Creditor American Express National Bank, c/o Zwicker & Associates, P.C.: elombard@zwickerpc.com, bknotices@zwickerpc.com
Randall P Mroczynski on behalf of Creditor Acar Leasing Ltd. d/b/a GM Financial Leasing: randym@cookseylaw.com
Robert B Rosenstein on behalf of Debtor: robert@thetemeculalawfirm.com; sylvia@thetemeculalawfirm.com; leah@thetemeculalawfirm.com; luke@thetemeculalawfirm.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA): hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On April 27, 2021, I caused to be served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. A certificate of mailing is attached hereto.

Honorable Ernest M. Robles, United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1560 / Courtroom 1568, Los Angeles, CA 90012

☒ Service information continued on attached page

**3.  SERVED BY OVERNIGHT MAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 27, 2021 | LEAH N. CANTU | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>SCHREINER'S FINE SAUSAGES, INC. | CASE NO: 2:20-bk-14808-ER<br><br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 11 |

On 4/27/2021, I did cause a copy of the following documents, described below,

(1) COVER LETTER TO ALL CREDITORS

(2) NOTICE OF HEARING ON CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

(3) FIRST AMENDED DISCLOSURE STATEMENT IN SUPPORT OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

(4) CHAPTER 11 FIRST AMENDED PLAN OF REORGANIZATION

(5) BALLOT

(6) ORDER APPROVING DISCLOSURE STATEMENT IN SUPPORT OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/27/2021

/s/ Robert B. Rosenstein
Robert B. Rosenstein  90036

Rosenstein & Associates
28600 Mercedes Street, Suite 100
Temecula, CA  92590
951 296 3888

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

SCHREINER'S FINE SAUSAGES, INC.

CASE NO: 2:20-bk-14808-ER

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11

On 4/27/2021, a copy of the following documents, described below,

(1) COVER LETTER TO ALL CREDITORS

(2) NOTICE OF HEARING ON CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

(3) FIRST AMENDED DISCLOSURE STATEMENT IN SUPPORT OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

(4) CHAPTER 11 FIRST AMENDED PLAN OF REORGANIZATION

(5) BALLOT

(6) ORDER APPROVING DISCLOSURE STATEMENT IN SUPPORT OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/27/2021

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Robert B. Rosenstein
Rosenstein & Associates
28600 Mercedes Street, Suite 100
Temecula, CA  92590

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WILL RECEIVE DOCUMENTS AND NOTICE THROUGH THE CM/ECF SYSTEM

AMERICAN EXPRESS
PO BOX 650448
DALLAS TX 75265-0448

AMERICAN EXPRESS
PO BOX 0001
LOS ANGELES CA 90096-8000

AMERICAN EXPRESS NATIONAL BANK
CO ZWICKER  ASSOCIATES PC
80 MINUTEMAN ROAD
ANDOVER MA 01810-1041

AMERICAN EXPRESS NATIONAL BANK
CO ZWICKER  ASSOCIATES PC
PO BOX 9043
ANDOVER MA 01810-1041

BANK OF AMERICA
PO BOX 15220
WILMINGTON DE 19886-5220

BANK OF AMERICA BUSINESS CARD
PO BOX 15710
WILMINGTON DE 19850-5710

BIZFUND LLC
2371 MCDONALD AVE 2ND FL
BROOKLYN NY 11223

BLUEVINE CAPITAL INC
401 WARREN STREET
SUITE 300
REDWOOD CITY CA 94063

CA DEPT OF TAX  FEE ADMINISTRATION
ACCOUNT INFORMATION GROUP MIC29
PO BOX 942879
SACRAMENTO CA 94279-0029

CELTIC BANK CORPORATION
268 SOUTH STATE STREET
SUITE 300
SALT LAKE CITY UT 84111

CHASE
LAND ROVER FINANCIAL GROUP
1820 E SKY HARBOR CIR S 150
PHOENIX AZ 85034

CITI CARDS
PO BOX 78019
PHOENIX AZ 85062-8019

CORPORATION SERVICE COMPANY
PO BOX 2576
SPRINGFIELD IL 62708

CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD IL 62708

EMPLOYMENT DEVELOPMENT DEPARTMENT
BANKRUPTCY GROUP MIC 92E
PO BOX 826880
SACRAMENTO CA 94280-0001

FC MARKETPLACE LLC
747 FRONT ST 4TH FLOOR
SAN FRANCISCO CA 94111

FC MARKETPLACE LLC
BECKET  LEE LLP
PO BOX 3002
MALVEM PA 19355-0702

FRANCHISE TAX BOARD
BUSINESS ENTITY BANKRUPTCY MS A345
PO BOX 2952
SACRAMENTO CA 95812-2952

FUNDING CIRCLE USA FCAL
PO BOX 398976
SAN FRANCISCO CA 94139-8976

GM FINANCIAL
PO BOX 100
BUFFALO NY 14231

INTERNAL REVENUE SERVICES
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA PA 19101-7346

LOS ANGELES COUNTY TREASURER  TAX
COLLECTOR
PO BOX 54110
LOS ANGELES CA 90054

MARCIA L SCHREINER
3417 OCEAN VIEW BLVD
GLENDALE CA 91208

QUARTERSPOT INC
CO PARKER SIMON KOKOLIS  BROWN LLP
755 BAYWOOD DR 2ND FLOOR
PETALUMA CA 94954

US SMALL BUSINESS ADMINISTRATION
409 3RD ST SW
WASHINGTON DC 20416

OFFICE OF THE UNITED STATES TRUSTEE
915 WILSHIRE BOULEVARD
SUITE 1850
LOS ANGELES CA 90017-5418